UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA

-v-

MERCEDES MARTE BRITO
-----------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-05-434 (ARR)
CHRISTOPHER BOOTH, ESQ
11 BROADWAY, SUITE 967
NEW YORK, NEW YORK 10004
Defendant's Attorney & Address

THE DEFENDANT:
**XXX** pleaded guilty to count one of the indictment.
___ was found guilty on counts                                  after a plea of not guilty.
Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 960(a)(1) & 960(b)(3) | IMPORTATION OF HEROIN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)         and is discharged as to such count(s).
**XXX** Remaining counts are dismissed on the motion of the United States.
**XXX** It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due **XXX** immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _

Defendant's Date of Birth 3/11/73

Defendant's Mailing Address:

43 NORTH BLEEKER STREET

MOUNT VERNON, NEW YORK 10550

Defendant's Residence Address:

( SAME AS ABOVE )

OCTOBER 28, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

OCTOBER 28, 2005
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

Defendant: MERCEDES MARTE BRITO
Case Number: CR-05-434(ARR)

Judgment - Page      of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty four (24) months.

__XXX__  The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED AT A FACILITY IN THE NEW YORK AREA.

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: MERCEDES MARTE BRITO
Case Number: CR-05-434(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: MERCEDES MARTE BRITO
Case Number: CR-05-434(ARR)

Judgment - Page     of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00    , consisting of a fine of $   N/A      and a special assessment of $ 100.00         .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

   ___ The interest requirement is waived.
   ___ The interest requirement is modified as follows:

17 THE COURT: Well, let me start by saying that
18 counsel has not sought a departure under the guidelines, and
19 notwithstanding the defendant's very difficult family
20 circumstances, I conclude that they are not such as would
21 warrant a traditional guidelines departure.
22 Turning to the statutory factors, however, I do
23 believe with some modicum of leniency, below a guideline
24 sentence appears warranted. Since the defendant has resided
25 in Mount Vernon, New York with her common-law husband

1  Domingo Mercedes who became disabled, approximately, two years
2  ago and apparently as a result of diabetes circulation
3  problems, nervous disorder and serious concussion, he writes
4  that his wife's absence from home deprives him of a caretaker.
5  More significantly, defendant and Mr. Mercedes have two
6  children ages seven and 12 who, although they are apparently
7  being cared for by relatives, have written touching letters
8  concerning pain and loneliness that the absence of their
9  mother is causing them. Defendant's own mother has also
10 written in telling descriptive terms that the ten-year old has
11 shown signs of serious depression. Other family members, too,
12 attest to the emotional and personal problems created by the
13 defendant's absence and relate that she's been a caring mother
14 and relative.
15       Under the circumstances, I believe a sentence only
16 moderately below the guideline sentence, specifically a
17 sentence of 24 months, would be sufficient, but no greater
18 than necessary to satisfy the statutory factors. The
19 defendant's crime is a serious one, and I believe that two
20 years imprisonment is a serious sentence. There is nothing in
21 the records to suggest a likelihood of recidivism. Indeed, the
22 likelihood of defendant's deportation will virtually eliminate
23 the possibility of such conduct endangering the community. I,
24 therefore, sentence Ms. Brito to the custody of the Attorney
25 General for a period of 24 months to be followed by a

1  three-year period of supervised release, with special
2  conditions that if deported she not illegally reenter the
3  United States.  I prohibit the possession of a firearm, and
4  make a finding that she's unable to pay a fine.  I will impose
5  a mandatory $100 special assessment.
6         Mr. Booth, are there any open counts?
7         MR. BITKOWER: There is.  The government would move
8  at this point to dismiss Count Two of the indictment.
9         THE COURT:  The motion is granted.
10        Ms. Brito, there are circumstances in which a
11 defendant may appeal the sentence.  I don't believe it is
12 going to apply in your case but discuss that with your lawyer.
13 If you choose to appeal a notice of appeal should be filed
14 within ten days, and if you could not forward representation,
15 an attorney would be appointed to represent you.
16        MR. BOOTH:  Your Honor, if I could request one last
17 thing, would Your Honor consider recommending that she be
18 housed at the nearest facility to New York City?
19        THE COURT:  Yes.
20        MR. BITKOWER: Your Honor, I would just note for the
21 record, the government believes that a sentence within the
22 range would be a reasonable sentence.
23        MR. BOOTH:  Thank you, Judge.
24        MR. BITKOWER: Thank you, very much.
25        (Proceeding adjourned as above set forth)